REBECCA D. MARTINO (SBN: 236094)
rmartino@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, California 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Plaintiff
GRANADA INDEMNITY COMPANY

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANADA INDEMNITY COMPANY<br><br>Plaintiff,<br><br>v.<br><br>HOUSING NETWORK ENTERPRISES, INC., GEORGE CARVAHLO, JEANNE JOI JEDINE, individually and as successor-in-interest to TOMMIE LOUIS LAMPLEY; MARYAM BOGHRATIAN MALEK; NEMAT MALEKSALEHI; MALEK FAMILY REAL ESTATE, LLC; and ROES 1 to 10, inclusive,<br><br>Defendants. | Case No. 3:26-cv-12859<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

COMES NOW, plaintiff Granada Indemnity Company, and for its Complaint against defendants, Housing Network Enterprises, Inc., George Carvahlo, and Jeanne Joi Jedine, individually and as successor-in-interest to Tommie Louis Lampley, Maryam Boghratian Malek, Nemat Maleksalehi, Malek Family Real Estate, LLC (collectively "defendants"), and each of them, alleges as follows:

## NATURE OF ACTION, PARTIES AND VENUE

1. Plaintiff Granada Indemnity Company (plaintiff" or "Granada") commences this action for declaratory relief as an actual controversy exists between the parties as to Granada's

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

defense and indemnity obligations for claims asserted against defendants Housing Network Enterprises, Inc, Maryam Boghratian Malek, Nemat Maleksalehi, Malek Family Real Estate, LLC, and George Carvahlo by Jeanne Joi Jedine, individually and as successor-in-interest to Tommie Louis Lampley in the matter titled *Joi Jedine (Lampley), individually and as successor-in-interest to Tommie Louis Lampley v. Housing Network Enterprises, Inc., et al.*, filed in San Mateo County Superior Court on March 11, 2026, Case No. 26-CIV-01774 ("Underlying Lawsuit"). Specifically, Granada seeks a declaration that it has no duty to defend and indemnify Housing Network Enterprises, Inc, Maryam Boghratian Malek, Nemat Maleksalehi, Malek Family Real Estate, LLC, and George Carvahlo in the underlying case filed in San Mateo County by Jeanne Joi Jedine, individually and as successor-in-interest to Tommie Louis Lampley.

2. Plaintiff Granada is an insurance company that writes and provides Commercial General Liability policies in California.

3. Plaintiff was incorporated in New York with its principal place of business in Long Beach, New York.

4. Upon information and belief, defendant Housing Network Enterprises, Inc., is a California corporation and it conducts business in East Palo Alto, California.

5. Upon information and belief, defendants Nemat Maleksalehi and Malek Family Real Estate, LLC are owners of the apartment complex at issue in the Underlying Lawsuit filed in San Mateo County and said apartment complex, located in East Palo Alto, California, is managed by defendant Housing Network Enterprises, Inc.

6. Upon information and belief, defendant George Carvahlo, a resident of San Mateo County, is the resident property manager for the apartment complex located in East Palo Alto, California that is at issue in the Underlying Lawsuit filed in San Mateo County.

7. Upon information and belief, defendant Maryam Boghratian Malek is a member or manager of Malek Family Real Estate, LLC, an owner of the apartment complex at issue in the Underlying Lawsuit filed in San Mateo County

8. Upon information belief, defendant Jeanne Joi Jedine, individually and as successor-in-interest to Tommie Louis Lampley was, and may still be, an individual residing in

San Mateo County, California who filed a wrongful death lawsuit against Housing Network Enterprises, Inc, Maryam Boghratian Malek, Nemat Maleksalehi, Malek Family Real Estate, LLC, George Carvahlo, and other defendants in San Mateo County titled *Joi Jedine (Lampley), individually and as successor-in-interest to Tommie Louis Lampley v. Housing Network Enterprises, Inc., et al.*

9. The true names and capacities of defendants sued herein as ROES 1 to 10, inclusive, whether individuals, corporate, business association, partnership, joint venturers, or otherwise acting in concert with defendants are currently unknown to Granada. When Granada ascertains the true names and capacities of said defendants, Granada will ask leave of this Court to amend this Complaint and insert said actual names and capacities in place and instead of said ROE defendants. Granada is informed and believes, and based thereon alleges, that each ROE defendant is in some manner liable to Granada for damages as herein set forth.

10. At all relevant times mentioned herein defendants, and each of them, were the agents, servants, employees, employers, joint-venturers, general partners, limited partners, co-conspirators, parent companies of wholly owned subsidiaries, holding companies, management companies, guarantors, and/or principals of each of the remaining defendants, and each of them, and all conduct, acts, omissions, contracts, agreements and/or ratifications made by defendants, and each of them, were made in the course and scope of said agency, employment, venture, partnership, conspiracy, parent company of wholly owned subsidiaries relationship, holding company relationship, guarantor relationship, and with the authorization, consent and/or ratification of the conduct of each of their co-defendants by and through their respective officers, directors, managing agents, agents, employees, employers, joint venturers, general partners, limited partners, and/or co-conspirators.

11. This Court possesses subject matter jurisdiction since complete diversity exists between the plaintiff and defendants and this action is one between “citizens of different States” in accordance with 28 U.S.C. §1332(a) because Plaintiff is a New York-domiciled insurance company with its principal place of business in Long Beach, NY and Defendants are either individuals who reside in San Mateo County, California or entities who conduct business in San

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

Mateo County, California. Further, the amount in controversy exceeds $75,000 as the plaintiffs in the Underlying Lawsuit value the case at well over $1,000,000.

12. Venue is proper under 28 U.S.C. §1391 because a substantial part of the events giving rise to Granada's request for declaratory relief occurred in this district, the parties reside or conduct business in this district, and the Underlying Lawsuit is pending in a state court in this district.

## FACTUAL ALLEGATIONS

### A. The Granada Policy

13. On or about May 3, 2024, Granada issued Commercial General Liability policy no. GR02-003204-00 to Malek Family Real Estate LLC that expired May 3, 2025. This policy is attached as **Exhibit A.**

14. The Granada policy provides Defendants with an each occurrence limit of $1 million for liability that is modified by the Habitability Exclusion Habitability Sublimit endorsement that precludes coverage for suits related in any way to "habitability." In relevant part, the Granada policy provides as follows:

**SECTION 1 – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

***

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes



GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

(3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

***

**SECTION II – WHO IS AN INSURED**

1. If you are designated in the Declarations as:

a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

e. A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

2. Each of the following is also an insured:

***

b. Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

***

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

***

**THIS ENDORSEMENT CHANGES THE POLICY**

**PLEASE READ IT CAREFULLY**

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

**HABITABILITY EXCLUSION**

**HABITABILITY SUBLIMIT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**(A) <u>EXCLUSION</u>**

The following language is added to SECTION 1 - COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, subsection 2. Exclusions and SECTION 1 - COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, subsection 2. Exclusions and SECTION 1 - COVERAGES, COVERAGE C MEDICAL PAYMENTS, subsection 2. Exclusions:

Except to the extent coverage is provided in (B) below, this insurance does not apply to damages or expenses, and we shall have no duty to defend any claim, proceeding or "suit" in any way based on, attributed to, arising out of or in any manner related to alleged or actual "bodily injury", "property damage", "personal and advertising injury", diminished value of property, or mental or emotional injuries arising out of or related in any way to "habitability", including but not limited to, claims arising out of alleged or actual breach of the following:

(1) Civil Codes;

(2) Health and Safety Codes;

(3) Any Housing and Urban Development laws, ordinances, or statutes;

(4) Rent stabilization laws and ordinances;

(5) Federal, State, or local section 8 (government subsidized) programs;

(6) Any administrative rules or regulations pertaining to any of the foregoing, including but not limited to those promulgated by Federal, State, or local municipalities;

(7) Any obligation to maintain any premises in, or restore any premises to, a sanitary, healthy, habitable, and tenantable condition;

(8) Breach of any lease, rental agreement, warranty, or covenant to maintain the "habitability" of premises;

(9) Any type of common law; or

(10) Actual or constructive wrongful entry or eviction arising out of the above

**(B) <u>SUBLIMIT COVERAGE</u>**

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

**SCHEDULE OF SUBLIMITS**

| | |
|---|---|
| **Each "Suit" Sublimit, including "Defense Costs":** | Excluded |
| **Aggregate Sublimit:** | Excluded |

If a limit is shown in the above SCHEDULE OF SUBLIMITS, the Exclusion in paragraph (A) shall not apply, subject to the following additional conditions:

(i) The most we will pay for a "suit" otherwise excluded in paragraph (A) above is the Each "Suit" Sublimit stated in this endorsement.

(ii) We will pay "Defense Costs" for a "suit" otherwise excluded in paragraph (A) above, but the most we will pay is also limited by and contained within the Each "Suit" Sublimit stated in this endorsement.

(iii) SECTION III – LIMITS OF INSURANCE is entirely deleted and replaced with the following for purposes of the coverage provided by this endorsement:

1. The Each "Suit" Sublimit is the most we will pay for all damages and "Defense Costs" incurred as the result of any "suit" asserting any "Habitability" claim(s) excluded by paragraph (A) above, regardless of:
a. the number of insureds sued;
b. the number of persons asserting such claims; or
c. the number of policy periods for which coverage is provided by us.
2. The Aggregate Sublimit is the most we will pay for the sum of:
a. Damages under Coverage A;
b. Damages under Coverage B; or
c. Medical expenses under Coverage C; that would otherwise be excluded by paragraph (A) above, regardless of the number of:
(1) claims or "suits" made during the policy period.
(2) locations insured (unless the policy also includes the Designated Location(s) General Aggregate Limit endorsement form CG 2504).

If the policy includes the Designated Location(s) General Aggregate Limit endorsement form CG 2504, then the Aggregate Sublimit will apply to each designated "location".

3. The sublimit provided in this endorsement do not apply separately to each consecutive annual period. Any "suit" or claims which alleges injury or damage occurring during multiple policy periods, shall be assigned only to the first policy issued by us, and only one policy's sublimit shall apply. If this policy and any other policy issued to you by us (or any company affiliated with us), apply to the same

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

"suit" alleging any "habitability" claims(s), the maximum limit of insurance under all such policies shall not exceed the highest applicable sublimit of insurance provided by any one policy.

**(C) <u>DEFINITIONS</u>**

For purposes of this endorsement, the following definitions are applicable:

"Defense Costs" means all fees and costs we incur to defend an insured against any claim or "suit", including all paragraphs of SUPPLEMENTARY PAYMENTS- COVERAGES A AND B.

"Habitability" means living environment fit for occupancy by human beings in a sanitary, healthy, habitable, and tenantable condition.

*Nothing herein contained shall be held to vary, alter, waive, or extend any of the terms, conditions, provisions, agreements, or limitations of the above-mentioned policy, other than as above stated.*

**B. The Underlying Lawsuit**

15. On March 11, 2026, plaintiff filed a lawsuit against her former property management company, her former resident property manager, individuals and an entity that has an ownership interest in the apartment complex at issue, as well as other defendants. The Underlying Lawsuit, *Joi Jedine (Lampley), individually and as successor-in-interest to Tommie Louis Lampley v. Housing Network Enterprises, Inc., et al.*, was filed in San Mateo County Superior Court.

16. Plaintiff in the Underlying Lawsuit contends that defendants are responsible for the wrongful death of her husband Tommie Louis Lampley when he passed on January 20, 2025 at the subject property located at 1735 Woodland Avenue, Apartment 25 in East Palo Alto, California ("subject property").

17. According to plaintiff's Underlying Lawsuit, in April 2024, decedent submitted a maintenance complaint to defendants requesting repairs to his wall heater that was not operating properly.

18. Plaintiff alleges that in January 2025, just weeks before decedent's death, a hospice nurse who was present at the subject property noted the smell of natural gas inside decedent's

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

apartment.

19. Plaintiff contends that she and decedent communicated maintenance complaints regarding the conditions of the apartment to the defendants.

20. Plaintiff alleges that defendants did not repair or replace the wall heater or ensure that the carbon monoxide detector in the apartment was functional.

21. On January 20, 2025, decedent died in his apartment and the cause of death according to the coroner's report was "carbon monoxide toxicity."

22. Plaintiff contends that PG&E confirmed that the wall heater in the apartment was emitting high levels of carbon monoxide. Additionally, according to plaintiff, PG&E found a leak in the pilot tubing of the wall heater in the adjacent unit.

23. According to the complaint, the East Palo Alto Police Department determined that the carbon monoxide detector was not functioning in decedent's apartment.

24. Pursuant to the Habitability Exclusion Habitability Sublimit endorsement, Granada disclaimed coverage for the Underlying Lawsuit and contends that it does not have a duty to defend and indemnify.

25. Upon information and belief, defendants dispute Granada's coverage position.

**CAUSE OF ACTION FOR:**

***Declaratory Relief as to All Defendants***
**(Declaratory Relief as to Habitability Exclusion Habitability Sublimit Endorsement)**

26. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 25 above, as though fully set forth herein.

27. The plaintiff in the Underlying Lawsuit contends that defendants are responsible for the wrongful death of her husband Tommie Louis Lampley when he passed on January 20, 2025 at the subject property

28. According to plaintiff's Underlying Lawsuit, in April 2024, decedent submitted a maintenance complaint to defendants requesting repairs to his wall heater that was not operating.

//

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

29. Plaintiff contends in the Underlying Lawsuit that in January 2025, just weeks before decedent's death, a hospice nurse who was present at the subject property noted the smell of natural gas inside decedent's apartment.

30. Plaintiff alleges in the Underlying Lawsuit that she and decedent communicated maintenance complaints regarding the conditions of the apartment to the defendants.

31. According to the Underlying lawsuit, defendants did not repair or replace the wall heater.

32. Plaintiff in the Underlying lawsuit alleges that defendant did not ensure that the carbon monoxide detector in the apartment was functional.

33. According to plaintiff in the Underlying Lawsuit, PG&E confirmed that the wall heater in the decedent's apartment was emitting high levels of carbon monoxide.

34. Pursuant to the coroner's report, decedent died in his apartment and the cause of death was "carbon monoxide toxicity."

35. The Granada policy is modified by the Habitability Exclusion Habitability Sublimit Endorsement that states there is no duty to defend or indemnify an insured for a suit arising out of or related in any way to "habitability."

36. As a result of the alleged uninhabitable conditions in the Underlying Lawsuit, Granada has no duty to defend or indemnify the defendants named in the Underlying Lawsuit.

37. In view of the foregoing, an actual and present controversy exists between the parties as to the scope of Granada's obligations, if any, under the policy.

38. Granada requests a judicial determination that it has no duty to defend or indemnify the defendants in the Underlying Lawsuit and plaintiff in the Underlying Lawsuit should be bound by said determination.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Granada requests that this Court enter judgment in its favor as follows:

1. A judicial determination that Granada has no obligation under the Granada policy to defend or indemnify any defendant in the Underlying Lawsuit because the Habitability

Exclusion Habitability Sublimit Endorsement precludes coverage for the Underlying Lawsuit.

2. A judicial determination that plaintiff in the Underlying Lawsuit is bound by the determination of the Court that the Habitability Exclusion Habitability Sublimit Endorsement precludes coverage for the Underlying Lawsuit.

3. For costs of suit; and

4. For such other and further relief as the Court may deem just and proper and as the interests of justice may require.

Dated: October 30, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Rebecca D. Martino*
Rebecca D. Martino
Attorneys for Plaintiff
GRANADA INDEMNITY COMPANY

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111